# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

YIXI SUN,

              Petitioner,

     v.

ENFORCEMENT AND REMOVAL OPERATIONS FIELD OFFICE DIRECTOR, LOS ANGELES, ET AL.,

              Respondents.

Case No. 5:26-cv-02428-MBK

ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS

Petitioner Yixi Sun, a citizen of China, is in the custody of the Department of Homeland Security at the Adelanto Detention Facility. Mr. Sun has resided in the United States since October 5, 2024. Upon his arrival, Mr. Sun was inspected, interviewed, and released by immigration authorities.

While Petitioner has resided in the United States, he has developed significant community ties. His uncle and cousins reside in California. He has

close friends with lawful permanent residency status in the United States. Petitioner has maintained gainful employment and has no criminal history.

As part of his release on parole, Mr. Sun was required to appear at regular check-in appointments with Immigration and Customs Enforcement ("ICE"). On March 20, 2026, Mr. Sun attended his regularly-scheduled ICE check-in appointment and ICE officers arrested and detained him. Immigration authorities detained Petitioner and did not provide Petitioner with a bond hearing or any other opportunity to be heard regarding his detention. Petitioner requested a bond hearing before an Immigration Judge ("IJ"), and on April 28, 2026, the IJ denied Petitioner's request, citing its lack of jurisdiction over the issue pursuant to *Matter of Q. Li*. Petitioner has therefore remained detained at Adelanto.

Petitioner initiated this habeas action on May 7, 2026. Dkt. 1. Petitioner requests immediate release or a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of this Court's order. *Id.* at 14.

On May 14, 2026, Respondents filed their Answer to the Petition. Dkt. 8. In the Answer, Respondents concede that Petitioner is a member of the Bond Eligible Class in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). As of the date of this Order, Petitioner has not filed a reply.

The final judgment in *Maldonado Bautista* has preclusive effect here because Petitioner and Respondents are parties in *Maldonado Bautista. See Granados v. Warden et al.*, No. 5:26-CV-00670-AH-DFM, 2026 WL 852211, at *3 (C.D. Cal. Mar. 25, 2026) ("it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as Petitioner—are entitled to the relief provided in the Bautista final judgment"); *Miguel Angel*

2

*Cortez Lozano v. Ernesto Santacruz Jr. et al.*, No. 5:26-cv-00313-SSS-BFM, 2026 WL 325462, at *4 (C.D. Cal. Feb. 4, 2026). *See generally De Corral v. Woosley*, No. 4:25-cv-145-BJB, 2026 WL 524778, at *3 (W.D. Ky. Feb. 25, 2026) ("Under settled principles of collateral estoppel, the Central District's final declaratory judgment binds the parties 'with respect to the matters declared.'") (quoting Restatement (Second) of Judgments § 33). Accordingly, Petitioner is entitled to the relief required by the *Maldonado Bautista* final judgment—a bond hearing under Section 1226(a).

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days from the date of this order; and (3) the Respondents shall file a status report no later than seven (7) days from the date of this Order confirming that Petitioner has had a bond hearing, consistent with this order.

Dated: May 28, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

3